NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
(907)456-0245
Fax: (907)456-0577
Email: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:06-cr-00001-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **OPPOSITION TO** |
| vs. | ) | **DEFENDANT'S MOTION** |
| | ) | **ON SHORTENED TIME FOR** |
| STEVEN D. NORVELLE | ) | **ORDER REQUIRING** |
| | ) | **PROBATION OFFICER TO** |
| Defendants. | ) | **AMEND PRESENTENCE** |
| | ) | **REPORT** |
| | ) | |
| | ) | FILED UNDER SEAL |

COMES NOW, the United States of America, by and through undersigned

counsel, and opposes the Defendant's Motion on Shortened Time of Order

Requiring Probation Officer to Amend Presentence Report. The Government believes it is improper to require the Probation Officer to change a report that has been filed with the court, and was the basis for the Defendant's sentencing. The court stated on the record that the money found in the Defendant's residence was not subject to conversion. Moreover, the court can make any needed clarification about the final amount of methamphetamine in it's final judgment and statement of reasons.

The Government has also conferred with the U.S. Probation and Pre-Trial Services Officer, who provided the following information:

The probation officer has also researched the Administrative Office of the U.S. Courts' publication, *The Statement of Reasons for Use in Reporting Sentencing Decisions* (November 2003), for guidance in determining the use of the presentence report by the Bureau of Prisons. According to this publication at page 5 (not a public document; full copy provided to Court only):

> *Together with the presentence report, the Statement of Reasons is also relied upon by staff at the Federal Bureau of Prisons in making inmate classification, designation, and programming decisions. Bureau staff look to the Statement of Reasons for court findings that differ from the tentative findings in presentence reports as they relate to controverted guideline application*

> *issues (e.g. specific offense characteristics or other adjustments) and non-guideline related issues (e.g. prior history of sexual misconduct, escapes, violence, immigration status, threats against government officials).*

The publication also indicates the process through which the Statement of Reasons is prepared (pages 5-6).

> *Pursuant to 18 U.S.C. § 3552(d) and Rule 32(e) of the Rules of Criminal Procedure, the presentence report is disclosed to the defendant, the defendant's counsel, and the attorney for the government at least 35 days prior to sentencing to provide an opportunity to resolve disagreements about material facts and the guideline applications prior to the sentencing hearing.*
>
> *In most instances, the parties file with the probation officer objections to material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in, or omitted form, the report. Some controverted issues are resolved by the probation officer prior to sentencing, and the presentence report is then revised as appropriate.*
>
> *Unresolved objections, the grounds for those objections, and the probation officer's comments on the objections are set forth in an addendum to the presentence report to ensure that those disagreements not resolved prior to sentencing are identified for the court. However, in some cases, the parties raise objections to the presentence report for the first time at the sentencing hearing.*
>
> *It is critical that the judgment and Statement of Reasons*

> *completely and accurately document the court's sentencing record and findings on disputed facts. It is also important that the Statement of Reasons and the judgment form be made available promptly to defense counsel, government attorneys, financial litigation units of the United States Attorneys' offices, probation and pretrial services offices, the United States Sentencing Commission, and, if a term of imprisonment is imposed, the Federal Bureau of Prisons and the United States Marshal's Service.*

The publication also identifies the method of communicating non-guideline-related Court findings (page 9).

> *Rule 32(I) of the Federal Rules of Criminal Procedure provides that if the defendant alleges factual inaccuracies in the presentence report, the judge shall make a finding as to the matter controverted, or shall determine that the matter will not be taken into account in sentencing.*
>
> *It is important that all court sentencing findings that vary from the presentence report be described in the Statement of Reasons. Absent an explanation of the court's findings in the Statement of Reasons, staff at the Federal Bureau of Prisons may rely on the facts of the instant offense or prior criminal record as outlined in the presentence investigation report, including drug type(s) and amounts in drug cases, description of the offender's role in the instant offense, use of a firearm or violence, sexual conduct, escape attempts, threats, and the number and nature of prior prison or jail commitments, to make inmate classification, designation, and programming decisio*
>
> *Staff at the Federal Bureau of Prisons rely heavily on*

> *the presentence report as a principal source of information about matters that do not affect the defendant's sentencing guideline range, but are relevant to inmate classification, designation, and programming decisions. These factors are listed on page 17 of this booklet.*
>
> *It is widely recognized that courts will not always have sufficient information to resolve such disputes, especially when counsel do not object until the time of sentence. Nevertheless, to the extent possible, courts are encouraged to make comments or factual findings to resolve disputes not only when they have sentencing ramifications, but also when they have a material effect on sentence administration (e.g., the court finds that the description of a prior conviction, such as escape or resisting arrest, cannot be substantiated). Such comments or factual findings would be recorded here, including references to specific paragraphs in the presentence report, if necessary. Use page 3, if additional space is needed.*

Finally, the Publication 107, the manual written by the Administrative Office of the United States Courts under the guidance of the Judicial Conference Committee on Criminal Law (revised March 2003) which guides the U.S. Probation Officers in the preparation and issuance of presentence investigation, states specifically at Chapter V:

> *Before the sentencing hearing, the probation officer may modify the presentence report as often as necessary to make any revisions identified by the probation officer or supervising probation officer to improve the report. It may also be revised as part of the addendum process. Once the report has been submitted for the sentencing hearing, the report should not be altered. The report becomes part of the record and, if the case should be appealed, the presentence report becomes part of the record. In limited cases, the court may direct that the presentence report be changed to reflect his or her findings on contested issues, particularly if a process has not been adopted by the court to ensure that all findings - both guideline and non-guideline related - are routinely transmitted to the Bureau of Prisons using the Statement of Reasons. [If] the presentence report is changed, the probation officer can hand-write the changes in the original report or revise the sections in the report resolved by the court and label the report "amended" presentence report.*

Publication 107 also identifies the Statement of Reasons as the instrument through which the Court transmits all findings, both guideline and non-guideline, to the Bureau of Prisons.

> *The Statement of Reasons, together with the presentence report, is relied upon by staff at the Federal Bureau of Prisons in making inmate classification, designation, and programming decisions. Bureau staff look to the Statement of Reasons for court findings that differ from the tentative findings in presentence reports as they relate to controverted guideline applications (e.g. specific offense characteristics or other adjustments) and non-guideline related (e.g. prior history of sexual misconduct, escapes, violence, immigration status, threats against government*

*officials) issues.*

Based upon the information provided by the Probation and Pre-Trial Services Officer, the Government contends that the appropriate way to document the final amount methamphetamine attributed to the Defendant is in the court's statement of reasons, not to amend the PSR. This is not an extraordinary situation where an explanation in the statement of reasons will not suffice. The Government recommends that the Defendant's motion be denied.

RESPECTFULLY SUBMITTED this <u>4th</u> day of October, 2006, in Fairbanks, Alaska.

>NELSON P. COHEN
>United States Attorney
>
><u>s/Bryan Schroder</u>
>BRYAN SCHRODER
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>101 12th Avenue, Room 310
>Fairbanks, Alaska  99701
>Tel.: (907)456-0245
>Fax: (907)456-0577
>Email: bryan.schroder@usdoj.gov
>Washington State Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2006,
a copy of the foregoing **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION ON SHORTENED TIME FOR ORDER REQUIRING PROBATION OFFICER TO AMEND PRESENTENCE REPORT**, was served, via Electronic Filing, and fax on:

**M. J. Haden,**
Federal Public Defender

s/Bryan Schroder